UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RAYMOND HAROLD PITTMAN,          )
                                 )
            Petitioner,           )
                                 )
      v.                          )     CAUSE NO. 3:17-CV-592-JD-MGG
                                 )
WARDEN,                          )
                                 )
            Respondent.           )

OPINION AND ORDER

Raymond Harold Pittman, a prisoner without a lawyer, filed an amended habeas corpus petition challenging a disciplinary hearing (ISO 17-05-26) where a Disciplinary Hearing Officer (DHO) found him guilty of attempting to engage in an unauthorized financial transaction in violation of Indiana Department of Correction (IDOC) Policies B-220 and B-240 on May 17, 2017.[1]  ECF 4 at 1.  As a result, he was sanctioned with the loss of 45 days earned credit time and the imposition of a suspended sanction—the loss of 30 days earned credit time—from disciplinary case ISO 17-02-18.  ECF 4 at 1, ECF 9-5 at 1.  The Respondent has filed the administrative record.  Pittman has not filed a traverse and the time to do so has passed.  Thus this case is fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges;

---

[1] Pittman was initially charged with attempting to conspire to traffic in violation of Indiana Department of Correction Policies A-111 and A-113.  ECF 9-1 at 1.  However, at the disciplinary hearing, the DHO changed the charge to attempting to engage in an unauthorized financial transaction.  ECF 9-5 at 1.

(2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445, 455 (1985).

As a threshold matter, the DHO had sufficient evidence to find Pittman guilty of attempting to engage in an unauthorized financial transaction. In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is

> not our province to assess the comparative weight of the evidence
> underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, Pittman was found guilty of violating IDOC offenses B-220 and B-240, for attempting to engage in an unauthorized financial transaction. IDOC offense B-220, prohibits inmates from "[e]ngaging in or possessing materials used for unauthorized financial transactions. This includes, but is not limited to, the use or possession of identifying information of credit cards, debit cards, or any other card used to complete a financial transaction." Indiana Department of Correction, Adult Disciplinary Process: Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. IDOC offense B-240 prohibits inmates from "[a]ttempting to commit any Class B offense; aiding, commanding, inducing, counseling, procuring or conspiring with another person to commit any Class B offense." *Id*.

The Conduct Report charged Pittman as follows:

> On 5-5-2017, at approximately 8:30 a.m., while I was searching through the offender's out going mail, I came across an envelope that was addressed from, offender Raymond Pittman, 100689, to a Shelly Hernandez. Inside the envelope was a letter to Shelly, asking her to put a sum of money on a 10 digit "My Cash" or "Pay-Pal" money card and then she is to send him the 10 digits disguised as Joey's phone number.

ECF 9-1 at 1.

In assessing the evidence, the DHO determined there was sufficient evidence in the record to find Pittman guilty of violating offenses B-220 and B-240. A conduct
3

report alone can be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here. Here, the reporting officer stated in the conduct report that Pittman wrote a letter to a woman named Shelly and asked her to "put a sum of money on a 10 digit 'My Cash' or 'Pay-Pal' money card and then she is to send him the 10 digits disguised as Joey's phone number." ECF 9-1 at 1. The conduct report clearly documented Pittman's attempt to engaged in an unauthorized financial transaction because he asked Shelly to place money on an unauthorized 10-digit money card and disguise it as a phone number so that prison officials would not know about the transaction. *Id*. The court has reviewed Pittman's letter and notes that the letter itself supports the underlying facts of the charge as described in the conduct report. ECF 9-2 at 2-5. Therefore, there was "some evidence" for the DHO to find Pittman guilty of attempting to engage in an unauthorized financial transaction.

Nevertheless, Pittman argues there were a number of violations of the prison's internal rules or IDOC policies, which entitle him to habeas corpus relief. ECF 4 at 2-3. Specifically, Pittman asserts that the reporting officer did not timely complete the conduct report, the reporting officer's immediate supervisor did not timely sign the conduct report, and the hearing continuance the DHO granted was not properly recorded. *Id*. However, habeas corpus relief can only be granted for "violation[s] of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Failure to follow policy is not a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief") and *Keller v. Donahue*,

4

271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison did not follow internal policies had "no bearing on his right to due process"). Therefore, Pittman's claims regarding violations of prison rules or IDOC policy can not be remedied in a habeas corpus petition.

Furthermore, Pittman asserts that his due process rights were violated because he was not notified of the charge prior to his disciplinary hearing. ECF 4 at 3. Prisoners are entitled to advance notice of the basis of the charges against them. *Wolff*, 418 U.S. at 563-64. This requirement is satisfied so long as the underlying basis of the charge was adequate to give the prisoner notice of the allegations against him. *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003). This requirement was met. On May 12, 2017, five days before the hearing, Pittman was notified of the attempting to conspire to traffic charge when he signed both the conduct report and screening report. ECF 9-1 at 1, ECF 9-3 at 1. Although the DHO changed the charge to attempting to engage in an unauthorized financial transaction at the disciplinary hearing, the new charge was supported by the underlying facts in the conduct report. ECF 9-3 at 1. Because the facts contained in the detailed conduct report gave Pittman all of the information he needed to defend against a charge of attempting to engage in an unauthorized financial transaction, his due process rights were not violated. *Hanks*, 326 F.3d at 911. Therefore, Pittman is not entitled to habeas corpus relief on this ground either.

If Pittman wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v.*

*Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, Raymond Harold Pittman's petition for writ of habeas corpus is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED on June 4, 2018

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT